### STORE PATRON INJURED ON ESCALADER.

Circuit Court of Cuyahoga County.

THE MAY COMPANY v. CORA CUMMINGS.*

Decided, November 22, 1909.

*Negligence—Assumption of Risk—Knowledge of Defect.*

One who goes upon an escalader with knowledge that it is out of order and in a dangerous condition, can not recover if she is injured by reason of the defect of which she knew.

*Hoyt, Dustin, Kelley, McKeehan & Andrews,* for plaintiff in error.

*McGrath & Stern,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The parties to this action here stand in a relation opposite to that in which they stood in the court below.

The terms plaintiff and defendant used in this opinion refer to the parties as they stood in the original case.

Suit was brought by Cora Cummings against the May Company to recover for damages suffered by her on the 12th day of February, 1907, while she was in the store of the defendant as a patron.

The department which she was about to patronize was on the second floor, necessitating her taking some means of going up one story. To do this, she took what is called an "escalader," which is a constantly moving pathway, constructed on an incline, reaching from the first to the second floor of the store of the defendant, so that one stepping upon it is carried, without taking any steps, from the first to the second floor, or from the second floor to the first floor. While on this escalader, going up, her skirt was caught upon some device connected with the escalader, and she was thereby injured. She charges that this injury

---

*Affirmed without opinion, *Cummings* v. *May Company,* 83 Ohio State, 503.

was caused solely by the negligence of the defendant.   The language of the petition charging negligence is in these words:

"Which negligence consisted in the failure of said defendant to keep said escalader in repair, and in safe and proper condition, and in permitting the same to be and remain in a defective and dangerous condition as above mentioned; that the defendant was negligent in not having and keeping the aforesaid hinges or knuckles covered with rubber or some other substance that would avoid the slippery condition thereof; and was negligent in failing to have an attendant in charge of said escalader to properly warn, conduct and direct its patrons while using the same; and it was negligence on the part of the defendant to use and operate said escalader while in said defective condition."

One of the defenses set up by the defendant was that the plaintiff contributed by her negligence to the injury which she received.   The result of the trial in the court below was a verdict and judgment for plaintiff.

By proper proceedings the case is here for review.

At the close of the evidence on the part of the plaintiff, the defendant moved the court to direct a verdict for it.  This motion was overruled, and this is charged as error.

The testimony of the plaintiff herself shows that she was entirely familiar with this escalader and its use; that within a week or ten days of the time of her injury she was upon it; that it then exhibited the same want of proper covering for the knuckles that it exhibited at the time of her injury.   Her testimony also shows that her injury resulted from the slipping of her feet upon these knuckles.   But for such slipping she would not have been injured.   She not only had used the escalader at the time spoken of about a week prior to her injury, but she had used it frequently within a few months of her injury, and she observed, as she says, this defective condition, and not only so, but she had been employed in this store and knew all about the way in which the escalader was used and to what extent there was any supervision of it by anybody.   She knew too that the second story could be reached by a passenger elevator, in constant operation, and that this story could also be reached by a convenient stairway.   The very defects which she says existed

in this escalader were open,-plainly to be seen, and she had actual knowledge of their existence as shown by her testimony.

We think clearly that she was not entitled to a recovery and that the court below should have directed a verdict in favor of the defendant.

Numerous errors are complained of as to the charge of the court, but, holding as we do, it would be fruitless to discuss these various questions.

On the part of the defendant in error it is urged that the defendant below was bound to exercise the same care for. the protection of the plaintiff as is required of a common carrier of passengers.

· The argument is made on the part of the plaintiff in error that this proposition is not the law. But it· is unnecessary here to determine this question, because whatever duty was owing by the defendant to the plaintiff, her own negligence, as shown by her own testimony, so contributed to her·-injury as to preclude her right to recover.

The cases cited and quoted from in the brief of the plaintiff in error fully sustain this proposition.

We content ourselves with a quotation from but one, namely, *Railway & Terminal Company* v. *Hancock*, 75 Ohio St., 88, the third clause of the syllabus of which case reads as follows.:

"In a suit against an interurban electric railway company for injury to a passenger by reason of his arm being struck by a car passing upon an adjoining track, it is not error for the court to instruct the jury that if they find that there were four iron bars, extending horizontally across the window of the car, equally distant from each other, the top one approximately twelve inches from the windowsill, and that plaintiff while sitting in the car permitted his arm or any part thereof to extend or project out beyond or over the rods, and that said act directly contributed to the accident, the plaintiff would be guilty of contributory negligence and can not recover."

And in the opinion by Judge Spear, at pages 111, 112, this language is used:

"To say that as a rule of law a passenger on such car may be heedlessly negligent, exposing his person to needless danger, and visit the consequences on the Interurban Company, upon

showing negligence on its part, appears to us to be without reason, nor is it supported by authority. On the contrary, the generally recognized rule is that a passenger can not cast upon the carrier responsibility for an event which, except for his own contributing negligence, would not have happened, and the law, as always held in this state, does not undertake, when both parties have been negligent, to measure the degree of the negligence of each.''

We have carefully examined the supplementary brief filed by the defendant in error in so far as the position is there maintained that one may select between several paths in going from one place to another and is not necessarily negligent because of selecting the least safe path. We do not regard that point as important in the present case. It is not because the plaintiff selected the least safe path, but that she selected a pathway, the defects of which were known to her, that precludes her right to recover. The ground upon which this reversal is made seems to be so thoroughly well established in Ohio that we have not felt it incumbent upon us to go outside of the state for authorities upon the question. See *Baker* v. *Pendergast,* 32 Ohio St., 494; *Village of Conneaut* v. *Naef,* 54 Ohio St., 529; *City of Dayton* v. *Taylor's Adm'r.,* 62 Ohio St., 11.

In this case the language of the court is such as to indicate that the plaintiff was not entitled to recover because of an assumption of risk, and with the same propriety it might be said in this case that the plaintiff assumed the risk, with full knowledge of the danger; but whatever term be used, the result is the same, that the plaintiff was negligent, by reason of which she can not recover. See also *Norwalk* v. *Tuttle,* 73 Ohio St., 242.

Judgment reversed.